**CT Corporation**

**Service of Process Transmittal**
04/20/2022
CT Log Number 541439267

**TO:**   KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**   **Process Served in Georgia**

**FOR:**   WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOHNSON RHONDA // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Attachment(s), Summons, Complaint |
| **COURT/AGENCY:** | Superior Court of Camden County, GA<br>Case # SUCV2022000276 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 12/31/2019, at 6586 GA Highway 40 E, St. Marys, Georgia 31558 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/20/2022 at 14:50 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Joseph F. Kuveikis<br>Kuveikis Law, P.C.<br>4390 Pleasant Hill Road, Suite F<br>Duluth, GA 30096<br>678-561-2426 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/20/2022, Expected Purge Date: 04/30/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT "A"

Civil Action No. SUCV2C22CC0276

Date Filed March 31, 2022

Magistrate Court ☐
Superior Court ☐
State Court ☐
Georgia, Gwinnett County

RHONDA JOHNSON

**Plaintiff**

Attorney's Address

Kuverkis Law PC
4390 Pleasant Hill Road Ste F
Duluth, GA 30096

VS.

WAL MART STORES EAST LP
(DELAWARE) and WAL MART,
INC.

**Defendant**

Name and Address of party to be served.

WAL. MART. INC.

c/o THE CORPORATION COMPANY (FL)

ILL COLONY PARK DRIVE Ste 800-B

Cumming, GA 30040

**Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☐

Served the defendant ___The Corporation Company___ a corporation

by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This_____ day of April , 20 22

_____
**Deputy**

Sheriff Docket_____ Page_____

_____
**Gwinnett County, Georgia**

WHITE:  Clerk        CANARY:  Plaintiff / Attorney        PINK:  Defendant

SC-2 Rev.3.13

EXHIBIT "A"

# SUPERIOR COURT OF CAMDEN COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER   SUCV2022000276

Johnson, Rhonda

_____

**PLAINTIFF**                                    **VS.**

WAL-MART STORES EAST, LP
WAL-MART INC.

_____

**DEFENDANTS**

### SUMMONS

TO: WAL-MART INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Joseph Kuveikis**
> **Kuveikis Law, P.C.**
> **4390 Pleasant Hill Road**
> **Suite F**
> **Duluth, Georgia 30096**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of March, 2022.**

Clerk of Superior Court

_____
Joy Turner, Clerk
Camden County, Georgia

Page 1 of 1



COPY

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

**SUCV2022000276**

MAR 31, 2022 03:09 PM

Joy Turner, Clerk
Camden County, Georgia

**IN THE SUPERIOR COURT OF CAMDEN COUNTY**
**STATE OF GEORGIA**

RHONDA JOHNSON,
    PLAINTIFF,

V.

WAL-MART STORES EAST, LP (DELAWARE),
WALMART INC., and ABC Corp 1-2.
    DEFENDANTS.

**CIVIL ACTION**
**FILE NO.**

---

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF **RHONDA JOHNSON** and hereby files her Complaint for

Damages against Defendant **WAL-MART STORES EAST, LP (DELAWARE)** and Defendant

**WALMART INC.**, and in support thereof, show this Court as follows:

1.

On or about January 2, 2019, Plaintiff **RHONDA JOHNSON** was injured at Wal-Mart

located at 6586 GA Highway 40 E, St. Marys, GA 31558.

2.

Plaintiff **RHONDA JOHNSON** is a resident of Camden County, Georgia.

3.

Defendant **WAL-MART STORES EAST, LP (DELAWARE)** ("hereinafter referred to

as **WAL-MART STORES EAST**") is an Arkansas corporation that is authorized to transact

business in Georgia and is subject to the jurisdiction and venue of this Court. Service can be

made on Defendant **WAL-MART STORES EAST** by serving its registered agent THE

CORPORATION COMPANY (FL) at 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040.

4.

Defendant **WAL-MART STORES EAST** has been properly served with process in this

action.

5.

Jurisdiction and venue are proper as to Defendant **WAL-MART STORES EAST.**

6.

Defendant **WALMART INC.** is an Arkansas corporation that is authorized to transact business in Georgia and is subject to the jurisdiction and venue of this Court. Service can be made on Defendant **WAL-MART INC.** by serving its registered agent THE CORPORATION COMPANY (FL) at 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040.

7.

Defendant **WAL-MART INC.** has been properly served with process in this action.

8.

Jurisdiction and venue are proper as to Defendant **WAL-MART INC.**

9.

Defendants ABC Corp 1-2 are additional entities that engaged in the torts and intentional torts against Plaintiff. Defendants ABC Corp 1-2 are subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all allegations and claims made in this Complaint against any other Defendant against Defendants ABC Corp 1-2. Defendants ABC Corp 1-2 will be named and served with the Summons and Complaint once their identity is revealed.

10.

At all times herein, Defendant **WAL-MART STORES EAST** and/or Defendant **WAL-MART INC.** owned, operated, controlled and/or managed the premises located at 6586 GA Highway 40 E, St. Marys, GA 31558, known as Wal-Mart.

11.

On December 31, 2019, Plaintiff **RHONDA JOHNSON** was lawfully and properly on the property of Wal-Mart located at 6586 GA Highway 40 E, St. Marys, GA 31558 as an invitee for the purpose of shopping for groceries and other necessities.

12.

On this above-stated date and while still in the store, Plaintiff **RHONDA JOHNSON** was shopping when a Wal-Mart employee pushed a cart into Plaintiff.

EXHIBIT "A"

13.

As a result of the impact with the cart, Plaintiff **RHONDA JOHNSON** inured her neck,

shoulder and wrist.

14.

At all times relevant to this matter at said location and on said date, Plaintiff

**RHONDA JOHNSON** exercised reasonable care for her own safety.

15.

Defendants breached their duty owed to Plaintiff **RHONDA JOHNSON** by failing to

exercise ordinary care to keep its premises and invitees safe.

16.

On the date of the incident, Defendants negligently acted in a hazardous and

dangerous manner.

17.

Defendants knew that their conduct involved an unreasonable risk to invitees at the

subject Wal-Mart Store.

18.

Prior to and on December 31, 2019, the subject premises were negligently managed.

Defendants had knowledge, both actual and constructive, of the need to properly train and

manage said premises and employees but failed to exercise ordinary care.

19.

Defendants had actual and constructive knowledge of dangerous behavior of their

employees. This behavior was negligently permitted to continue at said premises.

20.

Defendants had actual and constructive knowledge of the dangerous behavior of

their employees negligently failed to warn Plaintiff **RHONDA JOHNSON**.

21.

At all times mentioned herein, Defendants controlled the management of the

property and had the legal duty to keep the premises and invitees in a state consistent with

EXHIBIT "A"

the due regard of the safety of their invitees, including Plaintiff **RHONDA JOHNSON**.

Defendants breached said duties to Plaintiff **RHONDA JOHNSON** and failed to act as

similarly situated businesses would in like circumstances.

22.

Defendants were negligent in failing to manage and control their employees at the

premises at issue, thereby creating an unreasonable risk of injury to their invitees,

including Plaintiff **RHONDA JOHNSON**.

23.

Defendants knew of or with the exercise of due care for the safety of their invitees

should have known of the dangerous and hazardous behavior existing on the premises and

the failure to manage and train the employees premises and that said behaviors were likely

to result in the injuries suffered by the Plaintiff **RHONDA JOHNSON**.

24.

Defendants were and are negligent *per se*.

25.

Defendants were negligent and said negligence proximately caused Plaintiff

**RHONDA JOHNSON'S** injuries in the following ways, to-wit:

a) Violation of O.C.G.A. §51-3-1 by failing to use ordinary care to keep the premises
   safe;

b) In failing to properly inspect and maintain the premises;

c) In failing to warn of the latent dangers on the premises;

d) In failing to properly train and supervise their employees in regard to the
   maintenance and safety of said premises;

e) In failing in properly retaining, entrusting, hiring, training and supervising said
   employees; and

EXHIBIT "A"

f) In failing to ensure business policies, systems and security were being

    adequately followed and implemented.

26.

Defendants had actual and constructive knowledge of the dangerous and hazardous

conditions existing at the premises due to the direct knowledge of its employees and

agents. Defendants knew or should have used proper care towards their invitees.

27.

Defendants knew or should have known that their guests faced the risk of injury but

negligently failed to manage or train their employees as to the risk of injuries resulting

from collisions with the carts.

28.

Defendants negligently failed to maintain a policy, procedure or system of

investigating, reporting and warning of such dangerous conditions.

29.

Because Defendants had knowledge of, or in the exercise of reasonable care should

have had knowledge of the dangerous environment of said property, Defendants are liable

for the negligent supervision, hiring, training, and retention of their employees and the

entrustment of said property to its agents and employees.  Said negligence was a proximate

cause of injuries to Plaintiff **RHONDA JOHNSON**.

30.

Defendants negligently represented to their invitees that the property at issue was

properly maintained and that the premises were safe.

31.

Defendants failed to take appropriate action to remedy or reduce the danger to its

invitees, including Plaintiff **RHONDA JOHNSON**, and allowed the dangerous behavior to

continue to exist unabated, thereby creating a nuisance.

EXHIBIT "A"

32.

Defendants' negligence was a cause in fact and the proximate cause Plaintiff

**RHONDA JOHNSON'S** injuries.

33.

As a result of the negligence of Defendants, Plaintiff received severe injuries of body

and mind, and still suffers, and will continue to suffer, great physical and mental pain in the

future.

34.

Plaintiff suffered immediate, continuing, and permanent injuries to her neck and

shoulder which caused and continues to cause extreme and disabling pain, all directly and

proximately caused by the aforesaid negligence of the Defendants.

35.

Defendants are liable for the injuries sustained by Plaintiff **RHONDA JOHNSON**

including past and future medical treatment, pain and suffering, and all other elements of

damages allowed under the laws of the State of Georgia.  Defendants are liable to Plaintiff

directly, as well as under theories of respondeat superior and agency principles.

36.

As a proximate and foreseeable result of the negligence of Defendants, Plaintiff

**RHONDA JOHNSON** received serious injuries, endured pain and suffering, mental anguish,

loss of the enjoyment of life, and suffered other damages as will be proven at trial and

permitted under Georgia law.  Plaintiff **RHONDA JOHNSON** is entitled to recover all other

elements of damages allowed under Georgia law.  Plaintiff **RHONDA JOHNSON** states her

intention to seek all compensatory, special, economic, consequential, general, punitive, and

all other damages permissible under Georgia Law, including, but not limited to:

   a) Personal injuries;

   b) Past, present, and future pain and suffering;

EXHIBIT "A"

c)  Past, present, and future lost wages;

d)  Past, present, and future medical expenses;

e)  Disability;

f)  Disfigurement;

g)  Mental anguish;

h)  Lost ability to labor;

i)  Loss of the capacity for the enjoyment of life;

j)  Incidental expenses;

k)  Permanent injuries; and

l)  Consequential damages to be proven at trial.

37.

That each of the forgoing acts and omissions constitute an independent act of

negligence on the part of the Defendants and one or more or all above stated acts were the

proximate causes of the injuries to Plaintiff **RHONDA JOHNSON**.  Plaintiff states her

intention to seek and assert all permissible claims and all damages recoverable under

Georgia law.

WHEREFORE, Plaintiff respectfully prays that:

1)  Process issue as provided by law;

2)  Plaintiff be awarded actual damages in amounts to be shown at trial from the

Defendants;

3)  Plaintiff be awarded for the Plaintiff **RHONDA JOHNSON** all general, special,

compensatory, economic, punitive and other allowable damages in

accordance with the enlightened conscience of an impartial jury from the

Defendants and as permitted under Georgia law;

EXHIBIT "A"

4)      Plaintiff has a trial by jury; and

6)      Plaintiff has such other relief as this Court deems just and appropriate under

the circumstances.

**TRIAL BY JURY IS HEREBY DEMANDED**

Respectfully submitted this 31st day of March, 2022.

KUVEIKIS LAW, P.C.

/s/ Joseph F. Kuveikis
Joseph F. Kuveikis, Esq.

*Kuveikis Law, P.C.*
*Georgia & Florida Personal Injury Attorneys*
4390 Pleasant Hill Road, Suite F
Duluth, Georgia 30096
☎ (678) 561-2426

Civil Action No. _SUCV2022000276_

Date Filed _March 31, 2022_

Magistrate Court ☐
Superior Court ☒
State Court ☐
Georgia, **Gwinnett County**

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

**SUCV2022000276**

_RHONDA JOHN_

**APR 25, 2022 12:25 PM**

Joy Lynn Turner
Joy Turner, Clerk
Camden County, Georgia

**Plaintiff**

VS.

_WAL-MART STORES EAST, L_
_(DELAWARE) and WAL-MART_

**Defendant**

Attorney's Address
_Kuverkis Law, P.C._
_4390 Pleasant Hill Road_
_Suite F_
_Duluth, GA 30096_
Name and Address of party to be served.

_Wal-Mart Stores East, LP (Delaware)_
_c/o THE CORPORATION COMPANY (FL)_
_106 COLONY PARK DRIVE Ste 800-B_
_Cumming, GA 30040_

**Garnishee**

### Sheriff's Entry Of Service

**Personal** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☒
Served the defendant _Corp Company_ a corporation

by leaving a copy of the within action and summons with _NAHSEER WALLER_

in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _20_ day of _April_, 20_22_.

_____
**Deputy**

Sheriff Docket_____ Page_____

_____
**Gwinnett County, Georgia**

WHITE: Clerk          CANARY: Plaintiff / Attorney          PINK: Defendant

SC-2 Rev.3.13

**EXHIBIT "A"**

# SUPERIOR COURT OF CAMDEN COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   <u>SUCV2022000276</u>

Johnson, Rhonda

_____

**PLAINTIFF**

**VS.**

WAL-MART STORES EAST, LP
WAL-MART INC.

_____

**DEFENDANTS**

**SUMMONS**

TO: WAL-MART STORES EAST, LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Joseph Kuveikis**
> **Kuveikis Law, P.C.**
> **4390 Pleasant Hill Road**
> **Suite F**
> **Duluth, Georgia 30096**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of March, 2022.**

Clerk of Superior Court

Joy Turner, Clerk
Camden County, Georgia

Page 1 of 1

EXHIBIT "A"

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

**SUCV2022000276**

**MAY 20, 2022 11:13 AM**

Joy Turner, Clerk
Camden County, Georgia

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| RHONDA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. SUCV2022000276 |
| WAL-MART STORES EAST, LP | ) | |
| (DELAWARE) | ) | |
| WALMART INC., and ABC Corp 1-2. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COME NOW, Defendants Wal-Mart Stores East, LP (Delaware) and Walmart Inc. file this Answer and Defenses to Plaintiff's Complaint and show the Court as follows:

### **First Defense**

Pending additional investigation and discovery, Plaintiff's Complaint, taken as a whole, may fail to state a claim against one or more Defendants upon which relief may be granted.

### **Second Defense**

Defendants show that Walmart, Inc. was not involved in the day-to-day operation of the Walmart store at issue. While Defendants deny liability, Defendants state that Wal-Mart Stores East, LP was the entity involved in the day-to-day operation of the Walmart store at issue. Defendants request that Plaintiff voluntarily dismiss Walmart, Inc.

### **Third Defense**

Pending additional investigation and discovery, Defendants affirmatively preserve any and all defenses based on the doctrine of laches and/or the applicable statute of limitations.

### **Fourth Defense**

Pending additional investigation and discovery, Defendants state that Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's actions.

### Fifth Defense

Defendants deny that Defendants or Defendants' agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

### Sixth Defense

Defendants breached no duty owed to Plaintiff.

### Seventh Defense

Plaintiff may not recover against Defendants because no act or omission of Defendants was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

### Eighth Defense

Pending further investigation and discovery, Defendants assert the defenses of contributory and comparative negligence.

### Ninth Defense

Plaintiff may not recover against Defendants due to Plaintiff's equal or superior knowledge of any condition which he alleges resulted in this event.

### Tenth Defense

Plaintiff failed to exercise ordinary care for his own safety.

### Eleventh Defense

Defendants deny any and all allegations regarding negligent inspection and failure to warn.

### Twelfth Defense

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

### Thirteenth Defense

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest, or pre-judgment interest under the facts of this case.  Further, Defendants preserve all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law. If Plaintiff's claims are determined to be false or fraudulent, Defendants reserve the right to seek all sanctions against all persons allowed by law.

### Fourteenth Defense

Pending further investigation and discovery, Defendants reserve the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

### Fifteenth Defense

Plaintiff's claims are barred by the failure to make timely service and service of process. Defendants specifically reserve all service-related defenses.

### Sixteenth Defense

In answer to the specific allegations of Plaintiff's Complaint, Defendants show the Court as follows:

1.      At this time, Defendants are without information sufficient to admit, deny, or otherwise respond to the allegations contained in Paragraph 1 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.  Defendants deny any inference or allegation of liability and negligence.

2.      At this time, Defendants are without information sufficient to admit, deny, or otherwise respond to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint are admitted, generally.  Defendants show that venue and jurisdiction are proper in other Courts as well. However, Defendants deny any inference or allegation of liability and negligence.

4.      The allegations contained in Paragraph 4 of Plaintiff's Complaint are denied, as pled.

5.      The allegations contained in Paragraph 5 of Plaintiff's Complaint are admitted, generally.  Defendants show that venue and jurisdiction are proper in other Courts as well. However, Defendants deny any inference or allegation of liability and negligence.

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint are denied, as pled.  Defendants incorporate their Second Affirmative Defense.

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied, as pled.

8.      The allegations contained in Paragraph 8 of Plaintiff's Complaint are denied, as pled.  Defendants incorporate their Second Affirmative Defense.

9.      At this time, Defendants are without information sufficient to admit, deny, or otherwise respond to the allegations contained in Paragraph 9 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

10.     In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Defendants admit only that Wal-mart Stores East, LP was responsible for the day-to-day operations of the subject store on the day in questions.  The remaining allegations are denied. Defendants incorporate their Second Affirmative Defense.

11.     At this time, Defendants are without information sufficient to admit, deny, or otherwise respond to the allegations contained in Paragraph 11 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

12.     The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.     The allegations contained in Paragraph 13 of Plaintiff's Complaint are denied, as pled.

14.     At this time, Defendants are without information sufficient to admit, deny, or otherwise respond to the allegations contained in Paragraph 14 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied, as pled.  Defendants deny that any duties which may have been owed were breached.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied.

25.     The allegations contained in Paragraph 25, and the subparts thereto, of Plaintiff's Complaint are denied.

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied.

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36.     The allegations contained in Paragraph 36, and the subparts thereto, of Plaintiff's Complaint are denied.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38.     Defendants deny that Plaintiff is entitled to the relief requested by her in her Prayers for Relief, and the subparts thereto.

39.     Any remaining allegations which have not been admitted, denied, or otherwise responded to are hereby denied.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendants pray that they be discharged with all costs cast against Plaintiff.

This 20th day of May 2022.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*
Garret W. Meader

Georgia Bar No. 142402
*Attorney for Defendants*

777 Gloucester Street
Suite 305
Brunswick, GA  31520
(912) 280-9662
MeaderG@deflaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day forwarded, via United States Mail, postage prepaid, and statutory electronic service via filing in PeachCourt a true and correct copy of the foregoing ***Answer and Defenses to Plaintiff's Complaint*** to the following counsel of record, addressed as follows:

Joseph F. Kuveikis
Kuveikis Law, P.C.
4390 Pleasant Hill Road, Suite F
Duluth, Georgia 30096

This 20th day of May 2022.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*
Garret W. Meader
Georgia Bar No. 142402
*Attorney for Defendants*

777 Gloucester Street
Suite 305
Brunswick, GA  31520
(912) 280-9662
MeaderG@deflaw.com